UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BELLASOL CONDOMINIUM 2
ASSOCIATION, INC.,

    Plaintiff,

v.                                        Case No.:  2:24-cv-742-JES-KCD

RENAISSANCE RE SPECIALTY
U.S. LTD.,

    Defendant.
_____/

## **ORDER**

    Before the Court is Plaintiff Bellasol Condominium 2 Association, Inc.'s motion to compel. (Doc. 27.) Defendant Renaissance RE Specialty U.S. Ltd. has not responded, and the time to do so expired. The Court thus treats the motion as unopposed. *See* Local Rule 3.01(c).

    This is an insurance dispute stemming from Hurricane Ian. Bellasol seeks an order "compelling a better response to . . . Request for Production No. 10," which demands a complete copy of Bellasol's underwriting file. The Court agrees that Defendant's response is deficient. (Doc. 27 at 2-3.)[1] The Hurricane Scheduling Order already requires the production of the complete underwriting file. (Doc. 10 at 13-14.) And Defendant's affirmative defenses

---

[1] The Court cites the page numbers generated by its electronic filing system for ease of reference.

have put the underwriting file at issue. *See 1550 Brickell Assocs. v. QBE Ins. Corp.*, No. 07-22283-CIV, 2008 WL 4279538, at *2 (S.D. Fla. July 8, 2008). The Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

Bellasol tried to confer with Defendant in a good-faith effort to resolve this dispute to no avail. (Doc. 27 at 6-7.) And now Defendant failed to respond to the motion, thereby waiving any objections to the discovery. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011). Having received no response in opposition, the Court **GRANTS** the motion to compel. **Within 14 days of this order, Defendant must update its response and produce the documents sought in Request for Production 10.**[2]

**ORDERED** in Fort Myers, Florida on February 6, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[2] If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Bellasol does not ask for its expenses. Nor has Bellasol provided any documentation to issue such an award. Accordingly, the Court cannot order expenses at this time. *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 219CV442FTM29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020).